# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MONCLER S.p.A.**,<br><br>   *Plaintiff*,<br><br>v.<br><br>**a147cc741; aape01; add0; aific_shoes; aiyueele01; akilig5201314; aliyingjuangfeng; andclothes001; angel2ty; Aster cloakroom; bai02; bai04; bai09; beatshoes; behc; benana; best_garment; bing158; boyun2021; brand6699; brand9999; brandfashionbelt; buyannadhty; catherine02; catherine003; changchun1698; chaoliuclothes; chn_moncler_company; chromehearts99; chunouxie; clothes2025; clothing55; clothing70; clothingstoreone; clothingstoretwo; cmqwo287pc; coach-bag168; cong05; cong06; cosmos_fz; cycinternational; dandelionl3; dcll; ddcstore Best quality; Designer brand clothing 2336; Designer Brand Supplier; designer6633; designerclothing508; designermenclothing2; dhgateddd; dhgatewbuy; dhmerchs; donghuisheng01; easybuybags; eichabuydher; fashion866; fashions66; fat_baneh; fei168888; fhgq; fkma; fulan07; fxj302; fzcta3; fzctc3; fzctd2; fzcti6; fzctm3; gaoyeai001; gg_v_shirt; ggg158; gh19ff; godiswithyou; gooddhgateoo; goodluckids; goose down jacket; grose; haiyigood; haomingrui; haoyun1899; hatsky; hbn6; heatshoes; helay2021; highsellers; hiphopboy; hkfuzecheng01; hua3688; huanggua55; hyp00a; illusory001; instock_9999; jamie001; jessup; jiao08; jieqing668; jies01; jijia3; jinweiqing07; jiqiao; jtboy; julin102; jun1218; ka2s; kering06; keshbi; kk678; kong06; ky1v;** | Civil Action No. |

1

**lanp222; leadsway0574; leongstore; liancheng01; ligang229051488; liliya629; ling188888; linjiashop; long004; lqy801; lsf001; luxuryclothes; luxuryclothingstore; lxsx7784; maidou666; malory01; mark1988199; marksunshine; mavns503zn; Mengkou888; mens winter coats; mens_designerclothes; merck_343; Monclair coat; Monclair Jacket; mooj; musty01; mvp_shops01; naca; nangua55; nanping1318; nanyizhixin; newsale888; nicejacket; nicorapolo; nike tech; Nikecc ; No.1 Fashion; no1_cartongate; ntfmk; ogcct97tt; ogwellstore; okshoes1; orsoor; pabez; palm2020; pb224; pb225; pboyun2021; pcmqwo287pc; pcycvaporstore; pdiy; pfuchengtech; pfuzetech; pfzcfoxhunter; pfzctc3; pfzctc8; pfzctc88; pfzcti6; pfzctn3; pfzctr01; pgicux429cb; phaiyigood; phaomingrui; phkfuzecheng02; PLAY designers t shirt; plurang; pmadvapers; pogcct97tt; polouxie; polouxie2; polouxie83; pparislove2020; pquddv2317gx; pradadesigner17; proluxurydress; psyctradingInc; ptongda2018; pyihai2021; pyouyib2; pyouyig2; pyouyih6; pyouyip0; pyouyiq3; pyouyis1; pyouyis7; pyouyiv3; q1md; qing8877; qiwei77; quzhipeng001; qvlj; raxx; ruijia2021; shenzhen2058; shoes_lbj23; sky1994; ssllhyll168; stunj6688; sup166; superjacket; superstore_puff; syctradinginc; t shirt; talent61; TBTGroup Best 350 v2 boost; theboy_love88; tian271733767; tiktokstore; tongda2018; top_puffplus; topshop8888; toptruman; tzh4; vander; vetement02; vogocm_zb7; Welcome to apple-898! I have many styles items, please view item!; wen5116; wengstoreco; wholesalergucc; winning_181; wkdo; wodeu7iop; woerwofa8888; wp9i; wujie336699; xie633; xingshitu02; xyluxurious07; y0526; yang1304; yangketian2;**

**yanyan2021; yellow000hgh; yifantech2021; yihai2021; yiweidhgate; your1; your001; youyid7; youyig4; youyig5; youyig88; yx48; z00526; zcah; zcj1004; zhaocaimao668; zhufenyong; zocca_01; zx7p; and zy00001,**

    *Defendants.*

# COMPLAINT

1) This is an action for federal trademark infringement and counterfeiting, and false designation of origin, in violation of 15 U.S.C. §§ 1051 *et seq.,* and common law trademark infringement and unfair competition.

2) This Court has subject matter jurisdiction over the federal trademark infringement, counterfeiting, and false designation of origin claims pursuant to 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the remaining common law claims pursuant to 28 U.S.C. § 1367.

3) This Court has personal jurisdiction over the Defendants because Defendants, on information and belief, transact business within Georgia or have committed a tortious injury within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia.

4) Alternatively, this Court has personal jurisdiction over the Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) if any given Defendant is not subject to the jurisdiction of any state's court of general jurisdiction, because exercising jurisdiction over each Defendant is consistent with the United States Constitution and its laws.

5) Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the property that is the subject of the action is situated in this district, and/or because the Defendants are subject to personal jurisdiction in this district, and/or because Defendants do not reside in the United States and, therefore, may be sued in any judicial district.

## THE PARTIES

6) Plaintiff Moncler S.p.A. is an Italian joint stock company with its principal place of business at Via Stendhal, 47 Milan, Italy I-20144.

7) On information and belief, Defendants a147cc741; aape01; add0; aific_shoes; aiyueele01; akilig5201314; aliyingjuangfeng; andclothes001; angel2ty; Aster cloakroom; bai02; bai04; bai09; beatshoes; behc; benana; best_garment; bing158; boyun2021; brand6699; brand9999; brandfashionbelt; buyannadhty; catherine02; catherine003; changchun1698; chaoliuclothes; chn_moncler_company; chromehearts99; chunouxie; clothes2025; clothing55;

clothing70; clothingstoreone; clothingstoretwo; cmqwo287pc; coach-bag168; cong05; cong06; cosmos_fz; cycinternational; dandelionl3; dcll; ddcstore Best quality; Designer brand clothing 2336; Designer Brand Supplier; designer6633; designerclothing508; designermenclothing2; dhgateddd; dhgatewbuy; dhmerchs; donghuisheng01; easybuybags; eichabuydher; fashion866; fashions66; fat_baneh; fei168888; fhgq; fkma; fulan07; fxj302; fzcta3; fzctc3; fzctd2; fzcti6; fzctm3; gaoyeai001; gg_v_shirt; ggg158; gh19ff; godiswithyou; gooddhgateoo; goodluckids; goose down jacket; grose; haiyigood; haomingrui; haoyun1899; hatsky; hbn6; heatshoes; helay2021; highsellers; hiphopboy; hkfuzecheng01; hua3688; huanggua55; hyp00a; illusory001; instock_9999; jamie001; jessup; jiao08; jieqing668; jies01; jijia3; jinweiqing07; jiqiao; jtboy; julin102; jun1218; ka2s; kering06; keshbi; kk678; kong06; ky1v; lanp222; leadsway0574; leongstore; liancheng01; ligang229051488; liliya629; ling188888; linjiashop; long004; lqy801; lsf001; luxuryclothes; luxuryclothingstore; lxsx7784; maidou666; malory01; mark1988199; marksunshine; mavns503zn; Mengkou888; mens winter coats; mens_designerclothes; merck_343; Monclair coat; Monclair Jacket; mooj; musty01; mvp_shops01; naca; nangua55; nanping1318; nanyizhixin; newsale888; nicejacket; nicorapolo; nike tech; Nikecc ; No.1 Fashion; no1_cartongate; ntfmk; ogcct97tt; ogwellstore; okshoes1; orsoor; pabez; palm2020; pb224; pb225;

pboyun2021; pcmqwo287pc; pcycvaporstore; pdiy; pfuchengtech; pfuzetech; pfzcfoxhunter; pfzctc3; pfzctc8; pfzctc88; pfzcti6; pfzctn3; pfzctr01; pgicux429cb; phaiyigood; phaomingrui; phkfuzecheng02; PLAY designers t shirt; plurang; pmadvapers; pogcct97tt; polouxie; polouxie2; polouxie83; pparislove2020; pquddv2317gx; pradadesigner17; proluxurydress; psyctradingInc; ptongda2018; pyihai2021; pyouyib2; pyouyig2; pyouyih6; pyouyip0; pyouyiq3; pyouyis1; pyouyis7; pyouyiv3; q1md; qing8877; qiwei77; quzhipeng001; qvlj; raxx; ruijia2021; shenzhen2058; shoes_lbj23; sky1994; ssllhyll168; stunj6688; sup166; superjacket; superstore_puff; syctradinginc; t shirt; talent61; TBTGroup Best 350 v2 boost; theboy_love88; tian271733767; tiktokstore; tongda2018; top_puffplus; topshop8888; toptruman; tzh4; vander; vetement02; vogocm_zb7; Welcome to apple-898! I have many styles items, please view item!; wen5116; wengstoreco; wholesalergucc; winning_181; wkdo; wodeu7iop; woerwofa8888; wp9i; wujie336699; xie633; xingshitu02; xyluxurious07; y0526; yang1304; yangketian2; yanyan2021; yellow000hgh; yifantech2021; yihai2021; yiweidhgate; your1; your001; youyid7; youyig4; youyig5; youyig88; yx48; z00526; zcah; zcj1004; zhaocaimao668; zhufenyong; zocca_01; zx7p; and zy00001 ("Defendants") are foreign entities, associations, or individuals with unknown locations, all of whom advertise and sell a variety of goods through their virtual storefronts on various e-

6

commerce marketplaces, such as Alibaba, AliExpress, DHGate, Amazon, Ebay, Joom, and/or Wish (each a "Marketplace" and collectively the "Marketplaces").

8) Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

9) On information and belief, Defendants offer for sale, sell, and ship goods to customers in the United States, including in this judicial district, through their virtual storefronts on the Marketplaces.

## RELEVANT FACTS

### Plaintiff's Trademarks

10) Plaintiff is a well-known manufacturer of premium outerwear, high-end luxury garments, headgear, footwear and related accessories sold under various well-known trademarks.

11) Plaintiff owns numerous federal trademark applications and registrations for its valuable trademarks including, but not limited to, MONCLER, its "stylized bell" design and its "stylized letter M + rooster" design. Attached hereto as Exhibit A are true and correct copies of certificates of registration reflecting Plaintiff's federal trademarks (collectively, "Marks" or "Plaintiff's Marks").

12) Each of the registrations for Plaintiff's Marks is valid and enforceable.

7

13) Plaintiff has used its Marks in commerce since as early as 1955 and has not abandoned any of the Marks.

14) As a result of Plaintiff's extensive advertising and promotion of its goods under Plaintiff's Marks, Plaintiff's Marks have achieved considerable goodwill throughout the United States and the world.

15) On information and belief, Defendants offer for sale and sell a wide variety of goods to customers in the United States, including in this judicial district.

16) On information and belief, Defendants routinely sell goods bearing counterfeit or infringing marks of well-known trademark owners.

17) On information and belief, Defendants hide their true identities by using aliases, withholding or providing false contact information, or otherwise using false and deceptive means to avoid detection.

18) Defendants are using in commerce colorable imitations of one or more of Plaintiff's Marks, or marks that are confusingly similar to one or more of Plaintiff's Marks, on or in connection with the advertising and sale of goods that are similar to or compete with Plaintiff's well-known goods.

19) Defendants are advertising and selling goods bearing counterfeit or infringing copies of Plaintiff's Marks through their respective virtual storefronts on the Marketplaces.

20) Plaintiff and/or the undersigned counsel have reviewed all of the product listings at issue for each Defendant and confirmed that (a) each Defendant is using a spurious mark which is identical with or substantially indistinguishable from one or more of Plaintiff's Marks on non-genuine reproductions of Plaintiff's goods; or (b) each Defendant is using a mark confusingly similar to one or more of Plaintiff's Marks in association with the marketing or sale of other goods and in such a manner as to confuse customers into believing the goods are genuine.

21) None of the Defendants are authorized to offer for sale or sell goods bearing any of Plaintiff's Marks. Genuine goods bearing Plaintiff's Marks may be purchased only from Plaintiff directly or from authorized retailers.

22) Based on the undersigned counsel's experience prosecuting similar cases, Defendants likely operate multiple virtual storefronts within and across multiple Marketplaces, are related to the manufacturers or suppliers of the counterfeit and/or infringing goods, coordinate with each other to acquire, market, sell, and distribute counterfeit and/or infringing goods, sell the counterfeit and/or infringing goods through the same limited number of e-commerce marketplace

platforms that are well-known as sources of counterfeit and/or infringing goods, share images and information about the counterfeit and/or infringing goods for use on their Marketplace storefronts, and participate in on-line forums dedicated to informing Marketplace sellers of new lawsuits and sharing defense and settlement strategies, and, therefore, form a "chain of distribution."

## COUNT I.

## INFRINGEMENT OF A REGISTERED TRADEMARK
## IN VIOLATION OF 15 U.S.C. § 1114

23) Paragraphs 1-22 are realleged and incorporated herein by reference.

24) Defendants are using marks or symbols in commerce that are likely to cause confusion, or to cause mistake, or to deceive, and likely to cause purchasers and potential purchasers to falsely believe that Defendants' goods are sponsored by, approved by, or affiliated with Plaintiff, or that Plaintiff's goods are sponsored by, approved by, or affiliated with Defendants.

25) Defendants are using in commerce marks or symbols that are identical to, substantially indistinguishable from, colorable imitations of, or confusingly similar to Plaintiff's Marks, and the unauthorized use of Plaintiff's Marks by Defendants in commerce is likely to cause damage and other irreparable injury to Plaintiff unless such use is enjoined by this Court, Plaintiff having no adequate remedy at law.

26) Defendants' use of marks in commerce that are identical to, substantially indistinguishable from, colorable imitations of, or confusingly similar to Plaintiff's Marks constitutes an infringement of Plaintiff's rights in and to its federally registered Marks in violation of 15 U.S.C. § 1114.

27) After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that Defendants' aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks, and that such acts are likely to cause confusion, or to cause mistake, or to deceive. Defendants' acts are therefore intentional, willful, and are maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

28) In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants: (1) their profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of Defendants' violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees, treble damages, and/or enhanced profits.

29) Plaintiff is further entitled to an award of three times its damages or Defendants' profits for those Defendants found to be intentionally using a counterfeit mark, pursuant to 15 U.S.C. § 1117(b).

30) Alternatively, Plaintiff may elect at any time before judgment to recover, instead of actual damages or profits, an award of statutory damages of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of good sold or offered for sale.

31) Plaintiff has been or is likely to be irreparably damaged by Defendants' use of counterfeit and/or infringing marks in the United States and will continue to be irreparably damaged unless such use is immediately and permanently enjoined by this Court.

## COUNT II.

## FEDERAL UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

32) Paragraphs 1-22 are realleged and incorporated herein by reference.

33) In marketing and selling their goods in commerce in the United States, Defendants have used in connection with their goods a false designation of origin that is likely to cause confusion, to cause mistake, or to deceive others to believe that Defendants' goods are sponsored by, approved by, originate with, or are affiliated with Plaintiff, or that Plaintiff's goods are sponsored by, approved by, originate with, or are affiliated with Defendants. Defendants have caused their goods to be offered for sale in commerce with knowledge of such false designation of origin or description or representation.

34) Defendants have willfully promoted in commerce the sale of their goods in a manner so as to falsely designate an origin or an association with Plaintiff or with Plaintiff's Marks, so as to be likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Plaintiff's or Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

35) Plaintiff has been and/or will be irreparably damaged by the use of such false designation and/or representation and will continue to be irreparably damaged unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

36) Defendants' acts constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

37) In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants: (1) their profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the willful nature of Defendants' violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages.

## COUNT III.

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

38) Paragraphs 1-22 are realleged and incorporated herein by reference.

39) Defendants' use of marks that are confusingly similar to Plaintiff's Marks, in connection with goods which are the same as or are competitive with the goods of Plaintiff, is likely to cause confusion, to cause mistake, and to deceive.

40) Defendants are offering their goods for sale with full knowledge of Plaintiff's Marks.

41) Defendants have promoted and offered for sale their goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval by Plaintiff, or so as to cause, or be likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of Plaintiff's or Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

42) The aforesaid conduct of Defendants constitutes infringement of Plaintiff's common law rights in and to Plaintiff's Marks and further constitutes common law unfair competition, all of which has irreparably damaged and/or will irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendants are enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1) That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from advertising, offering for sale, or selling any goods under or in connection with Plaintiff's Marks or any other designation, trademark, or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiff's or Defendants' goods, or from otherwise infringing Plaintiff's Marks;

2) That an accounting be conducted and judgment be rendered against Defendants for:

    a) all profits received by Defendants from the sale of goods under or in connection with Plaintiff's Marks in the United States;

    b) all damages in an amount proven at trial from, *inter alia*, Defendants' trademark infringement, unfair competition, false designation of origin and false description or representation, pursuant to 15 U.S.C. § 1051 *et seq*.; and

    c) any other actual and compensatory damages in an amount not presently known but to be computed during the pendency of this action.

3) That any damages assessed against Defendants for trademark infringement and unfair competition be trebled as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted;

4) Alternatively, that Plaintiff be awarded statutory damages from each Defendant found to be using a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good sold;

5) That Defendants be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunctions requested in the immediately preceding paragraphs and any other provision of this Court's Order;

6) That Plaintiff have and recover its costs in this suit, including but not limited to reasonable attorney's fees and expenses; and

7) That Plaintiff have such other and further relief as this Court may deem just and proper.

Dated: July 11, 2022.

                                             Respectfully submitted,

                                             THE SLADKUS LAW GROUP

                                             *s/Carrie A. Hanlon*
                                             Carrie A. Hanlon

>Ga. Bar No. 289725
>E-mail: carrie@sladlaw.com
>Jeffrey B. Sladkus
>Ga. Bar No. 651220
>E-mail: jeff@sladlaw.com
>Jason H. Cooper
>Ga. Bar No. 778884
>E-mail: jason@sladlaw.com
>
>1397 Carroll Drive
>Atlanta, GA 30318
>Telephone: (404) 252-0900
>Facsimile: (404) 252-0970
>
>**Attorneys for Plaintiff**